

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NATIONAL PRODUCTION WORKERS UNION     )
INSURANCE TRUST,                      )
                                      )
              Plaintiff               )
                                      )        No. 05 C 5415
                                      )
         v.                           )
                                      )        The Honorable William J. Hibbler
                                      )
CIGNA CORPORATION AND LIFE INSURANCE  )
COMPANY OF NORTH AMERICA,             )
                                      )
              Defendants.             )

## MEMORANDUM OPINION AND ORDER

The National Production Workers Union Insurance Trust (NPWUIT or Trust) sued Cigna,

Corp. and its subsidiary Life Insurance Company of North America (LINA) after a contract to insure

the retired workers of the National Production Workers Union (Union). Cigna has moved to dismiss

all claims against it, arguing that it is not subject to personal jurisdiction and that it was not properly

served. LINA moves to dismiss Counts II, IV, and V of the Complaint, arguing that NPWUIT has

failed to state a claim against it. LINA also moves to strike NPWUIT's prayer for attorney's fees.

### I. Factual Background

In September 2003, NPWUIT entered into a contract with LINA to purchase Group Life

Insurance on behalf of the Union's retired workers. NPWUIT believed that the agreement provided

for $100,000 in coverage per individual death with the Trust and the individual beneficiary being

equal beneficiaries of this coverage. The Proposal signed by NPWUIT's representative

acknowledges that it "confirms receipt of a proposal from the Underwriting Company(ies) [LINA]

shown below and accepts the terms and conditions of the proposal and any attachments or

modifications made to the proposal." The proposal spells out the amount of the benefit as $100,000 per life, but makes no mention of the designation of beneficiaries. The proposal also includes a term noting that it is not a contract and that it only "outlines in general some of the important features of the proposed group insurance program." It states that the "controlling provisions will be in the group insurance policy" and promises that LINA will send the Trust a policy that fully describes all of the agreement's provisions.

NPWUIT alleges, however, that it never received the policy as promised. And it further alleges that it paid $382,332.50 in premiums under the policy. On August 18, 2004, according to NPWUIT, LINA disavowed the agreement in a written letter, proclaiming that there had been no "meeting of the minds" because the parties had not agreed to the designation of the Trust as a beneficiary. LINA has refused to return any of the premiums it collected from NPWUIT, and NPWUIT has sued seeking to have the contract rescinded, alleging that the Defendants have breached the contract, claiming that the Defendants have been unjustly enriched, and claiming that Defendants were negligent in failing to incorporate into the agreement the terms that it bargained for.

## II. Personal Jurisdiction

Cigna argues that the Court lacks personal jurisdiction over it and therefore NPWUIT's claims against it should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2). Although a plaintiff need include facts alleging personal jurisdiction in the complaint, once a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of proving its existence. *Purdue Research v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). This burden, however, depends on whether a court holds an evidentiary hearing or whether it rules on the motion based on the submission of written materials. *Id.* When a court holds an evidentiary hearing, the

2

plaintiff must prove that personal jurisdiction exists based on a preponderance of the evidence. *Id.* Whereas when a court evaluates a motion to dismiss based on written materials submitted by the party, a plaintiff need only make out a *prima facie* case of personal jurisdiction. *Id.* If there are material facts in dispute, the court must hold an evidentiary hearing. *Hyatt Intern. Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002).

A district court sitting in diversity has personal jurisdiction over a non-resident defendant only if a court of the state in which it sits would have jurisdiction. *Jennings v. AC Hydraulic A/S,* 383 F.3d 546, 548 (7th Cir. 2004). Thus, Illinois law governs whether this Court has personal jurisdiction over Cigna. Cigna argues, submitting the affidavit of its accountant in support, that it is merely a holding company that does not conduct business in Illinois, has no offices in Illinois, has no agents in Illinois, and does not act through its subsidiaries. Thus, according to Cigna's argument, it is not subject to personal jurisdiction in Illinois because personal jurisdiction cannot be premised on corporate affiliation unless there is "some basis for piercing the corporate veil." (Def. Rep. in Support of Mot. to Dismiss at 2).

But Cigna's statement of the law is incomplete. The Seventh Circuit has noted that "Illinois courts exercise jurisdiction over parents based on the activities of the subsidiary where the corporate veil can be pierced, *or perhaps where all the corporate formalities are observed but the subsidiary's only purpose is to conduct the business of the parent.*" *Central States v. Reimer Express World Corp.,* 230 F.3d 934, 940 (7th Cir. 2000). Illinois courts have spelled out several factors to consider when determining whether the parent corporation is doing business in Illinois through its subsidiary, which include: (1) the control exercised by the parent over the subsidiary; (2) obligations of the subsidiary to service the parent's products; (3) inclusion of the subsidiary's name and address in the

parent's advertising; (4) joint sponsorship of promotional activities; (5) interlocking directorships; (6) the sites of meetings of the subsidiary's board of directors; and (7) whether the subsidiary is authorized to prosecute trademark infringement suits in the parent's name. *Palen v. Daewoo Moto Co.*, 832 N.E.2d 173,184 (Ill. App. Ct. 2005) (quoting *Wissmiller v. Lincoln Trail Motosports, Inc.*, 552 N.E.2d 295 (1990). If a parent company control's a subsidiary's day-to-day operations, is primarily a holding company that formed the subsidiary to conduct its business, emblazons its name and corporate logo on the subsidiary's letterhead, and conducts national name-recognition advertising on behalf of its subsidiary, a parent company may be said to be doing business through its subsidiary. *Id.* at 187; *Haubner v. Abercrombie & Kent Int'l, Inc.*, 812 N.E.2d 704 (Ill. App. Ct. 2004); *Alderson v. Southern Co.*, 747 N.E.2d 926 (Ill. App. Ct. 2001); *Japax, Inc. v. Sodick Co.*, 542 N.E.2d 792 (Ill. App. Ct. 1989); *Schlunk v. Volkswagenwerk Aktiengeselleschaft*, 503 N.E.2d 1045 (Ill. App. Ct. 1986).

In this case, at least some of the factors mentioned by Illinois courts are present. Cigna admits that it is a holding company. NPWUIT has submitted evidence to show that Cigna engages in national name-recognition advertising on behalf of its subsidiary, and correspondence from LINA demonstrates that it uses the Cigna name and logo in its communications. At the same time, Cigna disavows that it exercises any day-to-day control over its subsidiary and does not conduct its business through it. Therefore, there is a material question of fact as to whether Cigna is a parent corporation doing business through its subsidiary, LINA, sufficient to subject it to personal jurisdiction in Illinois, and the Court is required to conduct an evidentiary hearing to determine this issue. Cigna's motion to dismiss for lack of personal jurisdiction is DENIED without prejudice and may be raised again after an evidentiary hearing. Because the issue as to whether Cigna was properly

4

served is intertwined with whether it is subject to personal jurisdiction, that motion is also DENIED without prejudice.

### III. LINA's Motion to Dismiss for Failure to State a Claim

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the complaint and not its merits. *Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 729 (7th Cir. 2005). A complaint should not be dismissed unless no relief could be granted under any set of facts that could be proved consistent with the allegations. *Id.*

LINA first argues that Count II of the Plaintiff's Complaint is duplicative of Count I and therefore should be dismissed. But it is not. Count I seeks a declaratory judgment setting forth the rights of the parties pursuant to an Illinois statute. Count II seeks rescission of the contract under Illinois common law. Although the facts and circumstances underlying these two claims are indistinguishable, the theories of recovery vary. LINA next argues that Count IV should be dismissed because NPWUIT cannot state a claim for unjust enrichment because it has also alleged that a contract existed. But Fed. R. Civ. P. 8(e)(2) allows a party to "set forth two or more statements of a claim alternatively or hypothetically . . . regardless of consistency." This is because a pleader often cannot tell, at the time of pleading, what the facts will show. *Astor Chauffeured Limousine Co. v. Runnfeldt Investment Corp.*, 910 F.2d 1540, 1548 (7th Cir. 1990). It is true, however, that NPWUIT can *recover* on only one of these claims, but it is allowed to plead both of them. *Id.* LINA's Motion to Dismiss Counts II and IV is DENIED.

Finally, LINA moves to dismiss Count V, arguing that the *Moorman* doctrine bars this claim. Under the *Moorman* doctrine, also known as the economic-loss doctrine, Illinois limits recovery in negligence for purely economic interests. *Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443,

5

451 (Ill. 1982). Illinois recognizes three exceptions to the *Moorman* doctrine, none of which are relevant here. *See In re Chicago Flood Litigation*, 680 N.E.2d 265 (Ill. 1997). Indeed, the Illinois Supreme Court has gone so far as to explicitly hold that "[a] plaintiff seeking to recover purely economic losses due to defeated expectations of a commercial bargain cannot recover in tort, regardless of the plaintiff's inability to recover under an action in contract," which contrary to NPWUIT's argument is precisely what it attempts to do. *Anderson Electric, Inc. v. Ledbetter Erection Corp.*, 503 N.E.2d 246, 249 (Ill. 1986). Because NPWUIT claims a purely economic loss, it cannot recover that loss in tort, and LINA's motion to dismiss Count V is GRANTED.

LINA also moves to strike NPWUIT's prayer for attorney's fees. NPWUIT seeks attorney's fees under 215 ILCS 5/155. That statute, however, provides for attorney's fees in "action[s] by or against a company *wherein there is in issue the liability of a company on a policy or policies of insurance or the amount of the loss payable thereunder.*" 215 ILCS 5/155 (emphasis added). The statute on its face clearly does not apply, as NPWUIT's complaint is not premised on the denial of a claim or a delay in paying a claim, but is instead based on the theory that it did not receive what it bargained for. NPWUIT seeks a refund of its premiums, not the payment of a claim. The motion to strike NPWUIT's prayer for attorney's fees is GRANTED.

IT IS SO ORDERED.

January 13, 2006

The Honorable William J. Hibbler
United States District Court