# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 5415 | **DATE** | 7/21/2010 |
| **CASE TITLE** | National Production Workers Union Insurance Trust vs. Life Insurance Company of North America | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's request for prejudgment interest is granted and Defendant's bill of costs [228-2] is allowed in part and disallowed in part. The Court concludes that Defendant is entitled to $19,764.99 in prejudgment interest. Final judgment is entered in favor of Defendant Life Insurance Company of North America and against National Production Workers Union Insurance Trust in the amount of $95,059.99, which consists of $75,295.00 in unpaid premiums and $19,764.99 in prejudgment interest. Defendant also is awarded $1,661.75 in costs.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

**I. Background**

This action stems from a September 2003 agreement between Plaintiff, National Production Workers Union Insurance Trust ("the Trust"), and Defendant, Life Insurance Company of America ("LINA"), for the purchase of two group insurance policies. On March 29, 2010, the Court issued a Memorandum Opinion and Order [227] granting summary judgment for LINA. LINA also requested interest and costs but did not identify what it contends to be the appropriate interest rate. The Court gave the parties additional time to brief LINA's request for interest and costs prior to the issuance of a final judgment. The Court now has received LINA's supplemental briefs and the Trust's opposition and issues the following ruling.

**A. Prejudgment Interest**

The calculation of the amount of prejudgment interest is left to the discretion of the court. See *Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 820 (7th Cir. 2002). LINA argues that it is entitled to recover prejudgment interest at a market rate, supporting its argument with cases arising under various federal statutes. However, the Court agrees with the Trust that, in a diversity case like this one, where the Court applied general principles of contract law to resolve this case, the Court looks to state law to determine the availability of and the rules for computing prejudgment interest. *In re Oil Spill by Amoco Cadiz,* 954 F.2d 1279, 1331 (7th Cir. 1992). Indeed, as the Court advised the parties in the summary judgment ruling, whether the Court "treat[s] this as a federal-question ERISA matter or a contract case grounded in diversity is irrelevant" because the Court's jurisdiction is not in question and – as the parties agree – principles of Illinois contract law apply. *Steele*, 507 F.3d at 596. Therefore, the Court will proceed to the interest calculation under Illinois law.

| STATEMENT |
|---|

The Illinois Interest Act provides:

> [c]reditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance; on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment.

815 ILCS 205/2. Under Illinois law, "an insurance policy is a written instrument covered by [the Illinois Interest Act]." *J.R. Couch v. State Farm Ins. Co.,* 666 N.E.2d 24, 27 (1996); see also *Twenhafel v. State Auto Prop. & Cas. Ins. Co.*, 581 F.3d 625, 631 (7th Cir. 2009). Prejudgment interest is appropriate where the sum due or damages are "liquidated or subject to an easy determination by calculation or computation." *J.R. Couch*, 666 N.E.2d at 17. "Absent some type of bad, vexatious, or unreasonable conduct prejudgment interest should be awarded at the statutory rate of 5% on written instruments." *Platinum Tech., Inc. v. Fed. Ins. Co.,* 282 F.3d 927, 934 (7th Cir. 2002). The Trust has not alleged the type of conduct – "bad, vexatious, or unreasonable" – that overcomes a party's entitlement to an award of prejudgment interest. *Id.*

The Trust owes LINA $75,295.00 in unpaid premiums for August and September 2004; however, to simply the computation, LINA proposed that the Court use January 1, 2005, as the starting date. Adopting that date, LINA is entitled to recover prejudgment interest on $75,295.00 from January 1, 2005, through March 29, 2010 (the date of the Court's order granting summary judgment), at the rate of 5% per annum (0.417% per month). The total to be awarded is $19,764.99.

  **B. Costs**

LINA seeks costs totaling $2,928.86. The Trust has filed an objection to the bill of costs. The Trust does not contest the sums claimed for court reporting and transcription expenses, but it contends that the amounts sought for photocopying expenses and delivery fees are excessive.

Rule 54(d)(1) provides that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago,* 469 F.3d 631, 634 (7th Cir. 2006). However, the Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy,* 338 F.3d 704, 708 (7th Cir. 2003); see also *Rivera,* 469 F.3d at 634-35. Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. See *Majeske v. City of Chicago,* 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. See *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.,* 481 F.3d 442, 447 (7th Cir. 2007). The prevailing party has the burden of demonstrating the amount of its recoverable costs. See *OneBeacon Ins. Co. v. First Midwest Bank*, 2009 WL 2612518, at *2 (N.D. Ill. Aug. 24, 2009).

  *1. Court Reporting and Transcription Fees – 28 U.S.C. § 1920(2)*

| STATEMENT |
|---|

Defendant seeks $1,143.20 in court reporting and transcription fees pursuant to 28 U.S.C. § 1920(2). The Court awards deposition charges if the deposition appears reasonably necessary in light of the facts known at the time of the deposition. See *Little v. Mitsubishi Motors N. Am., Inc.,* 514 F.3d 699, 702 (7th Cir. 2008) (per curiam); *Mother & Father*, 338 F.3d at 708. Under Northern District of Illinois Local Rule 54.1(b), the costs of a transcript shall not exceed the regular copy rate established by the Judicial Conference of the United States. See N.D. Ill. L.R. 54.1(b).

For depositions and trials conducted after November 1, 2007, the applicable Judicial Conference rates (see www.ilnd.uscourts.gov/CLERKS_OFFICE/CrtReporter/trnscrpt.htm) are $3.65 per page for ordinary transcripts, $4.25 per page for fourteen day transcripts, $4.85 per page for seven day transcripts, $6.05 per page for daily transcripts, and $7.25 per page for hourly transcripts. Reasonable attendance fees also are recoverable under Section 1920(2). See, *e.g.*, *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998) ("As for the deposition attendance fees charged by the court reporter, we have previously held that even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)"); *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (same).

The exhibits attached to LINA's reply brief – which were not submitted with the original bill of costs and were only presented to the Court in response to the Trust's objection to LINA's bill of costs – do not set forth in sufficient detail the basis for the costs requested. For instance, the records only provide a final amount, without breaking down the number of pages, the cost per page, and the attendance fees, all things that the Court looks at to determine the reasonableness of the fees requested. Identification of these factors is the norm in bills of costs submitted to this Court. However, the Trust does not object to the amounts claimed by LINA for court reporting and transcription fees. In view of the Trust's other objections, the Court presumes that the Trust finds the $1,143.20 claimed for court reporting and transcription to be reasonable and awards them.

> 2. *Fees for Exemplification and Copies – 28 U.S.C. § 1920(4)*

Next, Defendants seeks $1,285.66 in photocopying and exemplification costs pursuant to 28 U.S.C. § 1920(4), which allows a judge to tax as costs "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." See *Tchemkou v. Mukasey,* 517 F.3d 506, 513 (7th Cir. 2008). Courts interpret this section to mean that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. See *Kulumani v. Blue Cross Blue Shield Ass'n,* 224 F.3d 681, 685 (7th Cir. 2000); *McIlveen v. Stone Container Corp.,* 910 F.2d 1581, 1584 (7th Cir. 1990).

In regard to this category, the Seventh Circuit has stressed that the claimant is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recovery photocopying costs." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Here, the records supplied by LINA are sufficiently detailed that the Court can determine the number of pages copied and the $0.07 charge per page. Although it is not possible to determine the nature of each document, the total number of pages does not appear to be out of line in view of the amount of discovery and number of pleadings in this case. And the amount charged per copy actually is lower than the range of $0.10 to $0.20 per page that courts in this district generally have found to be reasonable. See, *e.g.*, *Harkins v. Riverboat Serv., Inc.*, 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003); see also *Helzing v. Loyola Univ. of Chicago,*, 2004 WL 2608287, at *4 (N.D. Ill. Nov. 16, 2004); *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 2003 WL 1720066, at *11 (N.D. Ill. Mar. 31, 2003); *Figueroa v. City of Chicago*, 2000 WL 1036019, at *2 (N.D. Ill. July 20, 2000). Accordingly, the Court awards $518.55 in costs associated with photocopying.

| STATEMENT |
|---|

At the same time, the Court does not find any support in the statute or the case law for the award of either the binding and tabbing costs or the charges for Bates stamping that LINA requests. See *Engate, Inc. v. Esquire Deposition Svcs., LLC*, 2006 WL 695650, at *5 (N.D. Ill. Mar. 13, 2006) (declining to award costs for "extras" such as "binding, tabbing and custom filing" on the ground that such expenses are not "necessary" within the meaning of Section 1920); *Gallagher v. Gallagher*, 2010 WL 2610192, at *3 (N.D. Ill. June 24, 2010) (holding that costs associated with Bates labeling are not recoverable); *Zenith Electronics Corp. v. WH-TV Broadcasting Corp.*, 2004 WL 1631676, at *5 (N.D. Ill. July 19, 2004) ("there is no provision in the statute for recovering the expense of organizing documents in a party's case in general or of Bates numbering in particular"). The request for those costs therefore is denied.

       *3.    Docket Fees*

LINA represents to the Court that the "docket fees" it seeks to recover refer to the cost of delivering courtesy copies of electronic filings from its counsel's office to the courthouse. Postage costs generally are considered ordinary business expenses that are not compensated under § 1920. See *Angevine v. WaterSaver Faucet Co.,* 2003 WL 23019165, *9 (N.D. Ill. Dec. 23, 2003); see also *McDonald v. Village of Winnetka*, 2003 WL 1989656, at *1 (N.D. Ill. Apr. 30, 2003) ("under the Judicial Conference guidelines, postage or delivery costs are considered ordinary business expenses and are not chargeable in relation to obtaining transcripts."); *Stark v. PPM America, Inc.*, 2003 WL 21223268 at *8 (N.D. Ill. May 23, 2003) (citing *Wahl v. Carrier Mfg. Co., Inc.,* 511 F.2d 209, 217 (7th Cir.1975)) (denying request for delivery services and postage because those expenditures were not expressly provided for in § 1920); *Mihailovich v. Laatsch,* No. 99 C 4780, 2002 WL 91897 at *4 (N.D. Ill. Jan.24, 2002) (disallowing costs for federal express charges because § 1920 does not list such cost as recoverable); *Eli Lilly & Co. v. Zenith Goldline Pharm., Inc.,* 264 F. Supp. 2d 753, 779 (S.D. Ind. 2003) (reducing party's claim for overnight mail costs and stating "[t]he use of the express courier services might have been a convenience to lawyers who were cutting their deadlines closely, but there is no reason to justify shifting that cost to the opposing party beyond what was reasonably necessary for the case."). While a court has discretion to award incidental costs, which may include postage (see *Angevine,* 2003 WL 23019165, at *9), LINA's request provides no particular reason for exercising that discretion here. Except in extremely rare circumstances, delivery of courtesy copies by the most economical method (US mail) is sufficient for all purposes.

## III.    Conclusion

For these reasons, Defendant LINA's request for prejudgment interest is granted and its bill of costs [228-2] is allowed in part and disallowed in part. The Court concludes that Defendant is entitled to $19,764.99 in prejudgment interest. The Clerk of the Court is directed to enter final judgment in favor of Defendant Life Insurance Company of North America and against National Production Workers Union Insurance Trust in the amount of $95,059.99, which consists of $75,295.00 in unpaid premiums and $19,764.99 in prejudgment interest. LINA also is awarded $1,661.75 in costs.